J. O. HATCHETT (EMPLOYEE) v. THE HITCHCOCK CORPORATION (EM-
PLOYER), ST. PAUL MERCURY INDEMNITY COMPANY (CARRIER).

(Filed 22 September, 1954.)

1. **Master and Servant § 37—**

> While the Workmen's Compensation Act is to be liberally construed to
> the end that its benefits should not be denied by narrow and strict inter-
> pretation, the rule of liberal construction does not warrant the reading into
> the act meanings alien to its plain and unmistakable words or justify
> judicial legislation converting the act beyond the legislative intent into
> an *accident and health insurance act.*

2. **Master and Servant § 53b (3)—No recovery may be had for services as
   practical nurse when Commission does not authorize or order such serv-
   ices prior to their rendition.**

> The evidence disclosed that employee's mother, with whom employee
> resided, cared for him for long periods of time while employee was in a
> cast and entirely helpless during intervals between treatments at a hos-
> pital. A rule of the Industrial Commission promulgated pursuant to G.S.
> 97-80 (a) stipulated that fees for practical nursing would not be honored
> unless written authority had been obtained from the Commission in ad-
> vance. No prior approval for such nursing services was obtained from
> the Commission in this case. *Held:* The facts do not warrant an award
> to the employee's mother for the nursing services rendered, even if G.S.
> 97-25 and G.S. 97-26 empower the Commission to make an award for such
> services, since under its rule and under the statutes such "other treatment
> required" must be previously authorized or ordered by the Commission.

APPEAL by defendants from *Sink, J.,* April Term 1954 of CHEROKEE.

Proceeding under Workmen's Compensation Act to determine liability
of defendant, The Hitchcock Corporation, employer, and defendant,
St. Paul Mercury Indemnity Company, compensation carrier, to plain-
tiff, injured employee, and to Mrs. J. W. Hatchett, plaintiff's mother,
for services rendered to him at her home.

The hearing commissioner found the jurisdictional requirements, the
occurrence to the plaintiff of a compensable injury, the extent of the
disability resulting therefrom and the compensation for said injury pay-
able to the plaintiff therefor under the Act, and made a substantial award,
and also made an award to the plaintiff's mother in the sum of $840.00
for services rendered to the claimant. The defendants did not appeal
from the award of compensation to the plaintiff for his injuries, but did
appeal to the Full Commission from the award to his mother, assigning
as error the failure to find certain facts and the conclusions of law. The
Full Commission made findings of fact, conclusions of law and awarded
$780.00 to the plaintiff's mother.

On appeal to the Superior Court, the award of the Commission was upheld. From this latter ruling, the defendants appealed assigning error.

*O. L. Anderson for Plaintiff, Appellee.*
*Uzzell & DuMont for Defendants, Appellants.*

PARKER, J. The sole question presented for review is the award of $780.00 to claimant's mother for services rendered in her home to him.

The following facts found by the Full Commission are supported by competent evidence. The claimant, 23 years of age and unmarried, received in his work a severe comminuted fracture of the right femur. He lived with his mother, Mrs. J. W. Hatchett, who is neither a graduate nurse, nor a registered nurse, nor a licensed practical nurse under our Statute Law. Her sole experience in rendering aid to the sick is such as is normally acquired by a mother who has reared three children on a farm. That after orthopedic surgery and about 30 days in a hospital, claimant was removed 22 July 1949 to his mother's home. He was incased in a hip spica cast, covering his entire body from the level of the lower chest extending over his hips, covering both legs to the ankle. He could not leave his bed without help, and could do nothing for himself except to feed himself when food was brought. His mother cooked and served his meals, bathed him, placed and removed bedpans, and rendered other necessary services. On 22 August 1949 claimant was carried to a hospital for further surgery. On 23 December 1949 he returned to his home in a hip spica cast, where his mother rendered similar services to him. On 29 December 1949 he was carried back to the hospital for further treatment. On 28 January 1950, he was returned to his home again in a hip spica cast, where again his mother rendered services to him. On 8 May 1950, he returned to the hospital for further treatment. On 9 July 1950, he was returned to his home in a hip spica cast, which did not include his left leg. He was still confined to his bed unable to care for himself. On 25 September 1950, he returned to the hospital, the cast was removed, a brace was fitted, and he was able to care for himself. Mrs. Hatchett did not obtain the approval of the Industrial Commission before rendering these services to claimant, nor did any one else for her.

The Full Commission made these conclusions of law: *One,* the services rendered by Mrs. Hatchett to the claimant were part of the other treatment contemplated by G.S. 97-25, and the defendants are required to pay therefor under G.S. 97-26 and G.S. 97-90 (a), and cites in support *Collins v. Reed-Harlin Grocery Co.,* (Mo.) 230 S.W. 2d 880; *California Casualty Ind. Exch. v. Industrial Acc. Com'n.,* (Cal.) 190 P. 2d 990; Larson Workmen's Compensation Law, Sec. 61.13. *Two,* the services rendered by Mrs. Hatchett to her son were not gratuitous. *Three,* the Commission

has jurisdiction to fix fees to be paid for nursing services rendered to claimant under G.S. 97-90 (a); G.S. 97-25 and G.S. 97-26. *Four,* Mrs. Hatchett is to be paid $4.00 a day for 195 days of services rendered to claimant under G.S. 97-25, G.S. 97-26 and G.S. 97-90 (a). An award to her of $780.00 was made.

The Full Commission in its opinion and award to Mrs. Hatchett states that under authority of G.S. 97-80 (a) it made and published Rules and Regulations in connection with the administration of the Compensation Act. The Rules and Regulations, made and published in 1945, which were in force when Mrs. Hatchett rendered services to claimant, contain these provisions as to nursing: "In cases of urgent necessity a special graduate or registered nurse may be furnished for not to exceed seven days. Written authority must be obtained in advance for all services in excess of seven days. Fees for practical nursing service by a member of claimant's family or anyone else will not be honored unless written authority has been obtained in advance." The Rules and Regulations published by the Industrial Commission in 1951 contain almost the exact language of the 1945 Rules and Regulations as to nurses. The Full Commission in its opinion and award states that its published Rules and Regulations as to nursing must be relaxed in this proceeding under the general policy announced in its Rules "the fees in the following schedule are the ones which will ordinarily be approved by the Commission."

Dr. James H. Cherry, an orthopedic surgeon, performed claimant's operations, and was his witness. Dr. Cherry testified that when the claimant was at his home in a cast, he never recommended the employment of a registered nurse to take care of him; that all claimant needed was practical care consisting of daily bathing, feeding, turning him over, attending to bedpans, etc.

It is not debatable that the Workmen's Compensation Act is "to be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." *Johnson v. Hosiery Co.,* 199 N.C. 38, 153 S.E. 591. The rule of liberal construction cannot be used to read into the Act a meaning alien to its plain and unmistakable words. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760. We should not overstep the bounds of legislative intent, and make by judicial legislation our Workmen's Compensation Act an Accident and Health Insurance Act. *Lewter v. Enterprises, Inc., ante,* 399, 82 S.E. 2d 410.

G.S. 97-25 provides for medical, surgical, hospital, and other treatment, including medical and surgical supplies, as may reasonably be required, for a period not exceeding ten weeks from date of injury to effect a cure or give relief, and for such additional time as in the judgment of the Commission will tend to lessen the period of disability. It further provides that in case of a controversy arising between the employer and

employee relative to continuance of medical, surgical, hospital or other treatment the Industrial Commission may order such further treatment as may in the discretion of the Commission be necessary. The Commission may at any time upon the request of an employee designate other treatment suggested by the injured employee subject to the approval of the Commission.

G.S. 97-26 provides for the pecuniary liability of the employer for medical, surgical, hospital service or other treatment required, *when ordered by the Commission.* (Italics ours).

G.S. 97-90 (a) provides that fees for attorneys and physicians and charges of hospitals for services shall be subject to the approval of the Commission.

G.S. 97-80 (a) provides that the Commission may make rules not inconsistent with the Compensation Act, for carrying out its provisions.

There is no evidence in the Record that claimant requested the Industrial Commission to order his mother to render services to him or that the Commission ordered such services to be rendered. There is no evidence that the Industrial Commission ever gave written or oral permission for the rendition of such services, though it made an award for them to Mrs. Hatchett. The services were not done in a sudden emergency.

We do not consider it necessary to decide in this proceeding the interesting question debated in the briefs and argued in the opinion of the Commission as to whether the words "and other treatment required" contained in G.S. 97-25 and in G.S. 97-26 include nursing. If they do, the award cannot be sustained, because no authority, written or otherwise, from the Industrial Commission had been obtained in advance for such services by claimant's mother, nor had such services been ordered by the Commission. To hold otherwise would be to distort and pervert the plain and explicit words of the 1945 Rules and Regulations of the Commission made pursuant to G.S. 97-80 (a), and of G.S. 97-26, which provides for the pecuniary liability of the employer for "other treatment required" when ordered by the Commission, if *such* words "other treatment required" in G.S. 97-26 embrace nursing. The argument of the Industrial Commission that its Rules as to previous written authority for practical nursing service by a member of claimant's family must be relaxed under the general policy announced in its Rules "the fees in the following schedule are the ones which will ordinarily be approved by the Commission" is not convincing. Such general policy, as the Commission calls it, seems to apply only to the size of the fees. Further, in making such argument the Commission seems to have overlooked the words of G.S. 97-26 that liability exists for "other treatment required when ordered by the Commission"—that is the language of the General Assembly. It is their duty to enact legislation; it is ours to interpret and apply it as written.

*S. v. Scoggin,* 236 N.C. 19, 72 S.E. 2d 54. If the words "other treatment required" do not include nursing, there is no liability of defendants to Mrs. Hatchett.

It may not be amiss to refer to the two cases cited in the Conclusion No. 2 of the Full Commission's opinion. In *Collins v. Reed-Harlin Grocery Co.,* (Mo.) 230 S.W. 2d 880, the court was construing a Missouri Statute, which the opinion states contains these words: "Section 3701, R.S. Mo. 1939, Mo. R. S. A., provides: (a) in addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing . . ." In *California Casualty Ind. Exch. v. Industrial Acc. Com'n.,* (Cal.) 190 P. 2d 990, the Court was construing the Labor Code. The opinion states: "Section 4600 of the Labor Code provides: Medical, surgical and hospital treatment, including nursing, medicine . . ."

It is our opinion, and we so hold, that the findings of fact of the Commission do not support its conclusions of law that the defendants are required to pay Mrs. Hatchett for her services to claimant, and the award cannot be sustained.

Reversed.