Memorandum. Under the instant facts it cannot be said that the respondent was an employee of the union at the time of the disabling incident. As a member of the union, he had been elected by the other union members to a position on the executive board but this certainly did not constitute employment. He received no compensation or salary for his functions as a board member other than a minimal stipend, ordered by the union’s by-laws, as reimbursement for expenses in connection with the board’s monthly meeting. The other services he
 
 *1044
 
 rendered were gratuitous and intentionally so. There was no employment agreement between the appellant and the union. The union did not control his activities or have a right to discharge him from the board, nor were there any other indicia which would point to an employer-employee relationship.
 

 Accordingly, the order of the Appellate Division should be reversed and the union should not be held liable for any portion of the award for compensation or nursing services.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and the claim against Motion Picture Studio Mechanics Union, Local No. 52, dismissed in a memorandum.