FRANKLIN L. McDONALD, Employee-Plaintiff v. BRUNSWICK ELECTRIC MEMBERSHIP CORPORATION, and NEW HAMPSHIRE INSURANCE COMPANY, Carrier-Defendant

No. 8510IC151

(Filed 19 November 1985)

**Master and Servant § 69— workers' compensation—rehabilitative services—specially equipped van not included**

 In a workers' compensation action in which a worker who lost both legs and an arm sought reimbursement for a specially equipped van so that he could be independent and presented evidence that the van was a rehabilitative measure, the Industrial Commission erred by awarding plaintiff the cost of the van but not by awarding plaintiff the cost of the special adaptive equipment. "Other treatment or care" and "rehabilitative services" in G.S. 97-29 refer to services or treatment rather than to tangible non-medically related items such as a van.

 Judge Wells dissenting.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission filed 28 August 1984. Heard in the Court of Appeals 24 September 1985.

On 3 September 1982, plaintiff sustained an injury by accident arising out of and in the course of his employment which resulted in the amputation of both of his legs and his left arm. Defendants, plaintiff's employer and its insurance carrier, agreed the accident was compensable and entered into an agreement to pay plaintiff $228 per week for total and permanent disability pursuant to G.S. 97-29 and G.S. 97-31(17). In addition, defendants agreed to compensate plaintiff's wife for nursing services and to pay for necessary renovations of plaintiff's house.

In March 1983, plaintiff filed a request with the Industrial Commission for a hearing on defendants' refusal to purchase a specially-equipped van for him. The evidence presented at the hearings conducted pursuant to plaintiff's request tends to show the following: Plaintiff has prostheses for those limbs which were amputated which enable him to be somewhat self-sustaining. Although plaintiff can walk short distances with his artificial limbs, he spends most of his time in a wheelchair. He has both a manual and a motorized wheelchair. In August 1983, plaintiff purchased a 1983 Ford cargo van for $25,020.55. The base price of the

van itself was $11,757.63. The van was ordered with a customized interior package which cost an additional $4,027.92 and was adapted with special equipment to fit plaintiff's needs at a cost of $9,410.

Plaintiff also owns a 1975 Ford Granada which is adequate transportation for him, and his wife owns a smaller car. Plaintiff is able to get into and out of a car by sliding from a board attached to his wheelchair and into or out of the car but in doing so he requires assistance. Plaintiff can get into and out of the specially-equipped van, however, without any assistance and is able to drive the van himself. In addition, plaintiff can put his motorized wheelchair in the van whereas it cannot as a practical matter be put in a regular automobile. Plaintiff testified that he had enrolled at a community college near his home and that he planned to use the van to transport himself to the college. Without the van, someone else would have to transport him to the college and he would not be able to take his motorized wheelchair with him.

Plaintiff's rehabilitation nurse testified that it is important for plaintiff's rehabilitation that he learn to do things independently; that in order for him to get to school independently and function independently on the campus, he needs a van; and that therefore a specially-equipped van is necessary in order to fully rehabilitate plaintiff. Plaintiff's physician testified by deposition that teaching plaintiff to be able to get out of the house and to be independent is a part of rehabilitation and is important, and that he hopes eventually plaintiff will be able to drive his own car so that he will be more independent. He agreed that a specially-equipped van is an important, necessary and reasonable part of plaintiff's rehabilitation.

By opinion and award filed 9 November 1983, the deputy commissioner concluded that the specially-equipped van is a reasonable and necessary rehabilitative service within the meaning of G.S. 97-29 and ordered defendants to reimburse plaintiff in the amount of $21,167.63 for the cost of the van itself and the special adaptive equipment installed in it. Defendants appealed to the Full Commission. On 28 August 1984, the Commission concluded that the deputy commissioner made the correct decision and affirmed and adopted the Opinion and Award filed 9 November 1983. Defendants appealed.

*Page and Baker, by H. Mitchell Baker, III, for plaintiff appellee.*

*Hedrick, Eatman, Gardner and Kincheloe, by Mel J. Garofalo and Nancy K. Stover, for defendant appellants.*

ARNOLD, Judge.

Defendants argue that a new, fully-equipped van is not a reasonable and necessary treatment, care, or rehabilitative service within the meaning of G.S. 97-29 and that therefore the Commission's decision ordering them to pay for the van purchased by plaintiff must be reversed. Defendants have agreed to pay for the special adaptive equipment installed in the van and only contest that part of the Commission's ruling requiring them to bear the cost of the van itself. G.S. 97-29 provides, in pertinent part, as follows:

> In cases of total and permanent disability, compensation, including reasonable and necessary nursing services, medicines, sick travel, medical, hospital, and other treatment or care or rehabilitative services shall be paid for by the employer during the lifetime of the injured employee.

Defendants contend that even the most liberal interpretation of the statute does not include the purchase of the van concerned herein and that to uphold the Commission's interpretation of G.S. 97-29 would "result in judicial legislation converting the [Workers' Compensation] Act beyond the legislative intent." We are inclined to agree.

In determining whether a specially-equipped van is included within the meaning of G.S. 97-29, we find the following rules of statutory construction set forth by our Supreme Court particularly instructive:

> First, the Workers' Compensation Act should be liberally construed, whenever appropriate, so that benefits will not be denied upon mere technicalities or strained and narrow interpretations of its provisions. Second, such liberality should not, however, extend beyond the clearly expressed language of those provisions, and our courts may not enlarge the ordinary meaning of the terms used by the legislature or engage in any method of "judicial legislation." Third, it is not

reasonable to assume that the legislature would leave an important matter regarding the administration of the Act open to inference or speculation; consequently, the judiciary should avoid "ingrafting upon a law something that has been omitted, which [it] believes ought to have been embraced."

*Deese v. Lawn and Tree Expert Co.,* 306 N.C. 275, 277, 293 S.E. 2d 140, 142-143, *reh'g denied,* 306 N.C. 753, 302 S.E. 2d 884 (citations omitted). One of the purposes of the Workers' Compensation Act is to insure a limited and determinate liability for employers; thus, courts must not legislate expanded liability under the guise of construing a statute liberally. *Rorie v. Holly Farms,* 306 N.C. 706, 295 S.E. 2d 458 (1982).

Our research discloses that our courts have only twice considered the meaning of the language "other treatment or care" or "rehabilitative services" in G.S. 97-29. In *Godwin v. Swift & Co.,* 270 N.C. 690, 155 S.E. 2d 157 (1967), the Supreme Court concluded that the provision for "other treatment or care" in G.S. 97-29 goes beyond and is in addition to the specific items and services set out in the statute and includes the services of family members in caring for a claimant. More recently, in *Derebery v. Pitt County Fire Marshall,* 76 N.C. App. 67, 332 S.E. 2d 94 (1985), this Court held that it was error for the Industrial Commission to require the employer pursuant to G.S. 97-29 and G.S. 97-25 to furnish the claimant employee with a wheelchair accessible place to live. In so holding, this Court stated that "neither the provision requiring payment for 'other treatment or care' nor the provision requiring payment for 'rehabilitative services' [in G.S. 97-29] can be reasonably interpreted to extend the employer's liability to provide a residence for an injured employee." *Id.* at ---, 332 S.E. 2d 97. This Court concluded that since our legislature has not included the provision of housing within the liability imposed upon employers pursuant to G.S. 97-29 or G.S. 97-25, the Commission had no authority to require the employer to bear that responsibility. *Id.*

Similarly, we conclude that neither the phrase "other treatment or care" nor the term "rehabilitative services" in G.S. 97-29 can reasonably be interpreted to include a specially-equipped van. This language in the statute plainly refers to services or treatment, rather than tangible, non-medically related items such as a

McDonald v. Brunswick Elec. Membership Corp.

van; thus, it would be contrary to the ordinary meaning of the statute to hold that it includes the van purchased by plaintiff. *Accord Low Splint Coal Co., Inc. v. Bolling*, 224 Va. 400, 297 S.E. 2d 665 (1982) (construction of wheelchair ramp, bathroom facilities, and other renovations to accommodate injured employee's wheelchair held not to be included within provisions of Workers' Compensation statute requiring employer to pay for "other necessary medical attention" and "reasonable and necessary vocational rehabilitation training services"); *Matter of Compensation of Smith*, 54 Or. App. 261, 634 P. 2d 809 (1981), *petition for review denied*, 292 Or. 334, 644 P. 2d 1127 (1981) (special chair recommended by employee's physician held not to come within the meaning of "medical service"). *See also Nallan v. Motion Picture St. Mech. U.*, L. 52, 49 A.D. 2d 365, 375 N.Y.S. 2d 164 (1975), *rev'd on other grounds*, 40 N.Y. 2d 1042, 360 N.E. 2d 353, 391 N.Y.S. 2d 853 (1976) (a specially-equipped automobile held not to be a "medical apparatus or device").

Although we have great sympathy for the plaintiff and admire his desire for independence, we are bound by the language of the statute. Accordingly, we hold the Commission erred in requiring defendants to reimburse plaintiff for the cost of the van. We therefore reverse the Commission's opinion and award to the extent it requires defendants to reimburse plaintiff for the cost of the van itself and affirm it to the extent it requires them to reimburse plaintiff for the cost of the special adaptive equipment.

Reversed in part; affirmed in part.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The Commission found and concluded that the purchase of the van was reasonable as a rehabilitative measure. The evidence supports this finding and conclusion. In my opinion, the van falls within the term "rehabilitative service" set out in G.S. 97-29.

I find *Derebery v. Pitt County Fire Marshall*, 76 N.C. App. 67, 332 S.E. 2d 94 (1985) to be distinguishable. There, the house

ordered purchased by the Commission was for the plaintiff's convenience, not his rehabilitation.

For these reasons, I must respectfully dissent and vote to affirm the Commission's award.