2521

Richard STRICKLAND, Appellant v. BOWATER, INC., and Liberty Mutual Insurance Company, Respondents.

(472 S.E. (2d) 635)

Court of Appeals

*D. Michael Kelly, A. Margaret Miles* and *Paula M. Stewart,* all of *Suggs & Kelly,* Columbia, *for appellant.*

*Robert J. Reeves,* of *Maupin, Taylor, Ellis & Adams,* Rock Hill, *for respondents.*

Heard Apr. 2, 1996.

Filed June 17, 1996.

HEARN, Judge:

In this workers' compensation case, the appellant, Richard Strickland, a quadriplegic, argues the commission erred when it failed to require the respondents, Bowater, Inc. and Liberty Mutual Insurance Company (Bowater), to pay the full cost of an unmodified van for Strickland. We affirm.

Strickland sustained an admitted accident to his head and neck on March 17, 1992, during the course of his employment with Bowater. Strickland was not initially disabled, but underwent surgery to remove a herniated disc from his cervical spine. As a result of complications during the surgery, he was

rendered a quadriplegic. By a previous commission decision, Strickland was awarded permanent and total lifetime disability benefits.

Bowater stipulated a modified van was medically necessary for Strickland and agreed to pay for the modifications necessary to specially equip the van to accommodate Strickland's quadriplegia. The parties dispute, however, whether or not Bowater must reimburse Strickland for the "base cost" of the unmodified van. In other words, Strickland contends Bowater should be responsible for providing the full cost of an unmodified van plus the costs associated with its modifications. Bowater asserts it should be required to pay only the difference between an unmodified van and a mid-range automobile of the same year.

The single commissioner, affirmed by the commission and the circuit judge, ordered Bowater to reimburse Strickland $4,338.90. This amount represents the cost difference between an unmodified van and a mid-range automobile of the same year. Strickland had purchased a 1993 van for $23,338.90. The parties stipulated the average price for a 1993 automobile was $19,000.00, thus creating a difference of $4,338.90. The only issue before this court, therefore, is whether or not Bowater is responsible for the full cost of an unmodified van.

Strickland relies on S.C. Code Ann. § 42-15-60 (1976) as the basis for requiring Bowater to pay for the van. Section 42-15-60 states, in part:

> In cases in which total and permanent disability results, reasonable and necessary nursing services, medicines, prosthetic devices, sick travel, medical, hospital and *other treatment or care* shall be paid during the life of the injured employee, without regard to any limitation in this title including the maximum compensation limit. (Emphasis added.)

Strickland contends the full cost of a modified van constitutes "other treatment or care" necessary to lessen his disability. Therefore, Strickland asserts Bowater should be held liable for *all* costs associated with a modified van, including the initial cost of an unmodified van.

Whether or not the legislature intended a vehicle that enables an injured worker to be mobile to constitute "other

treatment or care" is a novel issue in South Carolina. Other courts, considering the language in the context of their states' statutes, have reached varying results on this question.

Maryland, New York, North Carolina, and South Dakota have denied reimbursement for specially equipped automobiles or vans for similarly disabled claimants. *See R & T Construction Co. v. Judge*, 323 Md. 514, 594 A. (2d) 99 (1991); *Nallan v. Motion Picture Studio Mechanics Union, Local # 52*, 49 A.D. (2d) 365, 375 N.Y.S. (2d) 164 (1975), *rev'd on other grounds*, 40 N.Y. (2d) 1042, 391 N.Y.S. (2d) 853, 360 N.E. (2d) 353 (1976); *Kranis v. Trunz, Inc.*, 91 A.D. (2d) 765, 458 N.Y.S. (2d) 10 (1982); *McDonald v. Brunswick Elec. Membership Corp.*, 77 N.C. App. 753, 336 S.E. (2d) 407 (1985); *Johnson v. Skelly Oil Co.*, 359 N.W. (2d) 130 (S.D. 1984).

In *McDonald* the North Carolina Court of Appeals construed a provision very similar to the South Carolina statute, and held the phrase "other treatment or care" did not include furnishing a claimant with a wheelchair-accessible van. Thereafter, however, the North Carolina Supreme Court reversed the Court of Appeal's decision that "other treatment or care" did not include furnishing a claimant with a wheelchair-accessible place to live. *See Derebery v. Pitt County Fire Marshall*, 318 S.C. 192, 347 S.E. (2d) 814 (1986). This subsequent decision by the North Carolina Supreme Court, wherein it found an employer responsible for providing a claimant with wheelchair-accessible housing, casts doubt on the viability of the Court of Appeals' restrictive interpretation of "other treatment or care" in *McDonald*.[1]

Courts in Arizona, Florida, North Dakota and West Virginia have held that a specially equipped automobile or van is compensable under certain circumstances and conditions. *See Terry Grantham Co. v. Industrial Comm'n of Arizona*, 154 Ariz. 180, 741 P. (2d) 313 (Ct. App. 1987); *Fidelity & Cas. Co. v. Cooper*, 382 So. (2d) 1331 (Fla. Dist. Ct. App. 1980); *Meyer v. North Dakota Workers Compensation Bureau*, 512 N.W. (2d) 680 (N.D. 1994); *Crouch v. West Virginia Workers' Compensation Commissioner*, 184 W. Va. 730, 403 S.E. (2d) 747 (1991). These courts have construed provisions such as "medical

---

[1] The North Carolina General Assembly amended NCGS § 97-29 in 1991 and replaced the phrase "other care or treatment" with "medical treatment," thus ending further interpretation.

treatment" more broadly in favor of the claimant, and have allowed this expenditure where the evidence showed the van to be medically necessary.

In support of its position that an employer should be responsible for a portion but not all of the costs associated with a van, Bowater presents the West Virginia decision in *Crouch* as persuasive authority. Under similar facts, the West Virginia Supreme Court of Appeals held a modified van was "reasonably required" for a quadriplegic worker, and, therefore, compensable under their statute. However, the employer was entitled to offset the cost of the unmodified van with the cost of an average, mid-priced automobile of the same year. Thus, the West Virginia court required the employer to pay what the employer in this case has agreed must be paid, that is, the difference between the cost of an unmodified van and the average cost of a mid-sized automobile.

In this case, however, it is not necessary for us to reach the question of whether an employer should be responsible for providing the difference between an unmodified van and an average mid-sized automobile since Bowater agrees with the commission's decision to do this. Similarly, we need not decide whether an employer is also responsible for paying the costs associated with modification of the van because Bowater has agreed to do so in this case.

Strickland urges this court to require Bowater to pay the full cost of an unmodified van. While the provisions of the workers' compensation law are entitled to a liberal construction in favor of the employee, we do not believe that under our present statute an employer could be required to pay for such an expenditure. The General Assembly, rather than this court, should address this matter.

Given Bowater's willingness to provide the costs of modification and its acquiescence in the commission's decision that it should pay the difference between an unmodified van and an average mid-sized automobile of the same year, the commission's decision is

Affirmed.

HOWELL, C.J., and ANDERSON, J., concur.