While I agree that a wheelchair lift would be an "other apparatus" under Ala. Code 1975, § 25-5-77(a), I cannot agree that the Legislature intended that the entire cost of a wheelchair-accessible van be included in that term. However, I recognize Bishop's need for a van to accommodate his wheelchair. After reading through several cases from other jurisdictions that have faced this question, I believe that the approach of the Supreme Court of Appeals of West Virginia is most appropriate.
Although the van may be an "other apparatus" in this case.
 "[t]his is not to say, however, that the [worker] is awarded the full cost of the van. . . . [T]he [worker] . . . would have owned an automobile regardless of his injury. Therefore, the cost of an average, mid-price automobile, of the same year as the purchased van, must be deducted from the cost of the converted van."
Crouch v. West Virginia Workers' Compenstation Commissioner,184 W. Va. 730, 734, 403 S.E.2d 747, 751 (1991). The trial court recognized, but chose not to exercise, a similar option. In my opinion, the trial court should deduct the cost of the workers' typical mode of transportation before the accident from the cost of the van with the necessary modifications, taking into account any unusual circumstances. The employer would pay only for the remaining cost. Such a "calculation" requires the employer or its workers' compensation carrier to bear only the added transportation costs associated with the work-related accident, while freeing it from the duty of bearing the entire expense of the worker's transportation needs.
THOMPSON, J., concurs.