The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A set of plaintiff's medical and rehabilitation records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
2. Plaintiff's Industrial Commission Form 33, Request that Claim be Assigned for Hearing, is admitted into evidence.
3. The issue for decision by the undersigned is whether plaintiff is entitled to have defendants pay for a hand controlled automobile with a scooter lift.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff had not driven an automobile for approximately three years. The last vehicle plaintiff drove had an automatic transmission. As a result of her injury on 2 July 1986, plaintiff would lose strength in her legs when driving and had difficulty depressing the brake pedal.
2. On 23 August 1995, Dr. Chapman prescribed a vehicle with hand controls and a lift. At the time of the hearing, plaintiff and her husband owned a 1996 Ford Ranger pickup truck with a manual transmission. The gear shift was mounted on the floor. Plaintiff and her husband did not own another automobile. Due to its manual transmission, the pickup truck could not be equipped with hand controls.
3. Plaintiff enrolled in a computer training course at Alamance Community College during the fall of 1995. Plaintiff did not complete the course due to pain from her 1986 injury. There is no evidence of record that plaintiff failed to complete the course due to a lack of adequate transportation. Plaintiff planned to enroll in another computer training course during the fall of 1996. The evidence of record is insufficient to prove by its greater weight that plaintiff's condition had improved to the extent that she would be able to complete the course she intended to take in 1996.
4. Plaintiff believed that an automobile equipped with hand controls and a lift for her motorized scooter would increase her mobility. Plaintiff was desirous of returning to work.
5. The evidence of record is insufficient to prove by its greater weight that a vehicle equipped with hand controls and a lift is reasonably necessary to effect a cure, give relief or to lessen plaintiff's period of disability.
******************
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. A vehicle equipped with hand controls and a lift is not a rehabilitation service, other treatment or a medical or surgical supply. N.C. Gen. Stat. § 97-2(19).
2. Plaintiff is not entitled to have defendants provide her with a vehicle equipped with hand controls and a lift. N.C. Gen. Stat. § 97-2(19); McDonald v. Brunswick Electric Membership Corp.,77 N.C. App. 753, 336 S.E.2d 407 (1985).
COMMENT
Assuming that plaintiff did establish that a specially equipped vehicle is reasonably necessary for her rehabilitation, she would only be entitled to have defendants provide the necessary modifications to an automobile she purchased or otherwise obtained. She would not be entitled to have defendants provide her with the automobile itself. Timmons v. North CarolinaDept. of Trans., ___ N.C. App. ___, ___ S.E.2d ___ (1996).
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ ___________________________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER DISSENTING
S/ ___________________________ COY M. VANCE COMMISSIONER
MMH:db