While I concur in the majority opinion, I write a separate concurring opinion to clarify several points.
I agree with the majority opinion that Chapter 14 of the Workers' Compensation Medical Fee Schedule requires preapproval by the Commission of family attendant care to an injured worker. However, I believe that the Commission has the discretion to award compensation for past family attendant care under exceptional circumstances even in cases where prior approval has not been requested. The language of the portion of Chapter 14 dealing with special duty nursing has been revised by the Commission since the ruling in Hatchett v. The Hitchcock Corp., 240 N.C. 591,83 S.E.2d 539 (1954) in which the Court denied payment of past attendant care services provided by the worker's mother because the Commission had not ordered or given permission that such services be rendered. The current language allows approval of past family attendant care "in unusual cases where the treating physician certifies it is required. . . ." I believe that the unusual circumstances in both Ruizv. Belk Masonry Co., Inc., 148 N.C. App. 675, 559 S.E.2d 249
(2002) and London v. Snak Time Catering, Inc., 136 N.C. App. 473,525 S.E.2d 203, disc. rev. denied, 352 N.C. 589,544 S.E.2d 781 (2000) justified the Commission's award of compensation for past attendant care services provided by family members.
However, the greater weight of the competent evidence of record does not support a finding that such unusual circumstances existed in the case at bar and no physician had certified such care was necessary prior to 1999. Therefore, I concur with the majority's denial of compensation for past attendant care services. While Ms. Sherry Leathers may have provided some non-skilled attendant care services to plaintiff after 1999, I agree with the majority opinion that the evidence of record is insufficient to determine the actual hours spent by Ms. Leathers and therefore cannot agree with the dissent to compensate her for eight hours a day beginning September 2, 1999.
This the 18th day of March 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER