I concur in the majority's decision but write a separate concurring opinion to clarify several points concerning payment to plaintiff's family members for retroactive attendant care services provided. The majority authorizes payment of attendant care services as of November 8, 2004, the date plaintiff filed the Form 33 Request for Hearing.
I agree with the majority opinion that Chapter 14 of the Workers' Compensation Medical Fee Schedule requires pre-approval by the Commission of family attendant care to an injured worker. However, I believe that the Commission has the discretion to award compensation for past family attendant care under exceptional circumstances even in cases where prior approval has not been requested, so long as such care is prescribed by a physician. The language of the portion of Chapter 14 dealing with special duty nursing has been revised by the Commission since the ruling in Hatchett v. The Hitchcock Corp., 240 N.C. 591,83 S.E.2d 539 (1954) in which the Court denied payment of past attendant care services provided by the worker's mother because the Commission had not ordered or given permission that such services be rendered. The current language allows approval of past family attendant care "in unusual cases where the treating physician certifies it is required. . . ." I believe that the unusual circumstances in both Ruiz v. Belk MasonryCo., Inc., 148 N.C. App. 675, 559 S.E.2d 249, disc. rev. denied,356 N.C. 166, 568 S.E.2d 610 (2002) and London v. Snak Time Catering,Inc., 136 N.C. App. 473, 525 S.E.2d 203, disc. rev. denied,352 N.C. 589, 544 S.E.2d 781 (2000) justified the Commission's award of compensation for past attendant care services provided by family members. Also, in both of those cases, physicians had recommended attendant care during the past periods in question, but defendants had refused to authorize the care.
Shirley Shulenberger, plaintiff's mother, has provided extensive attendant care to plaintiff since his horrific accident. Defendants have benefited greatly from Mrs. Shulenberger's devotion to her son in that they have not been required to pay a facility or agency to provide this care to plaintiff. The only compensation Mrs. Shulenberger received was the reimbursement she was paid to accompany plaintiff to his doctors' appointments, and admittedly this compensation was greater than what is normally paid for similar services.
However, although Mrs. Shulenberger was providing extensive attendant care after she was no longer working outside the home in July 2003, neither Dr. Lyerly nor any other treating physician had ordered that plaintiff receive more than four hours of care per day, five days a week. Therefore, because the certification by a physician that attendant care was necessary was missing until the depositions of the health care providers were taken, I believe that the majority reached a very equitable result to begin payment of attendant care as of the date the Form 33 was filed, which was the first time plaintiff had requested payment of additional attendant care beyond the four hours per day, five days a week already provided by defendants.
This 16th day of November, 2006.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER