LEONEL ARCE, Employee, Plaintiff,
v.
MOUNTAIN WOOD FORESTRY, INC., Employer,
AIG CLAIM SERVICES, Carrier, Defendants.
No. COA09-490.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
George Francisco, for plaintiff-appellee.
Cranfill Sumner & Hartzog LLP, by James B. Black, IV, for defendants-appellants.
MARTIN, Chief Judge.
Plaintiff was injured in an admittedly work-related automobile accident on 10 June 2005 and was rendered paraplegic. He is permanently and totally disabled. The parties stipulated that plaintiff was employed by Arce Forestry, which was a subcontractor of Mountain Wood Forestry, Inc. at the time of the accident, and was non-insured for the purposes of the North Carolina Workers' Compensation Act. Thus, Mountain Wood Forestry, Inc. was the statutory employer of plaintiff. It was further stipulated that plaintiff's compensation rate was $320.00 per week. Defendants appeal, however, from an Opinion and Award of the Industrial Commission granting plaintiff retroactive and prospective payment for attendant care provided by his family, ordering defendants to purchase or lease handicapped accessible housing for plaintiff if his landlord will not agree to modification of his current housing, and ordering defendants to provide other elements of a life care plan prepared for plaintiff by a certified life care planner.
"Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." Clark v. Wal-mart, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). In reviewing the Commission's findings of fact, the evidence in support of a claimant's claim is viewed in the light most favorable thereto and if there is competent evidence to support the findings, they are binding on the appellate court; the Commission's conclusions of law are reviewed de novo. McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 700-01 (2004). We are mindful of the oft-repeated principle that the Workers' Compensation Act is to be liberally construed to give meaning to its primary purpose of providing adequate compensation for workers injured in the course and scope of their employment. Silva v. Lowe's Home Improvement, __ N.C. App. __, __, 676 S.E.2d 604, 609 (2009).
In their first argument, defendants bring forward twenty-four separate assignments of error directed generally at fourteen of the Commission's findings of fact, three of its conclusions of law, and that portion of its award directing that defendants provide reimbursement for attendant care services rendered to plaintiff by his brother, Horacio Arce. Defendants' argument is essentially two-pronged; first, that the Commission relied on incompetent evidence in deciding to award retroactive attendant care to plaintiff; and second, that the award of retroactive attendant care rendered by plaintiff's brother exceeds the Commission's authority because Commission approval was not first obtained. For the reasons which follow, we reject both contentions.
Though defendants have assigned error to fourteen of the Commission's findings, they have not specifically pointed to the insufficiency of the evidence to support any of those findings except for two. We conclude each of the Commission's findings, including the two specifically argued by defendants, are well-supported by competent evidence. The evidence showed that plaintiff moved into a handicapped accessible apartment for which defendants paid the rent in January 2006. His brother, Horacio Arce, has been his primary care-giver since that time, spending the night with him, getting him in and out of bed, bathing him, and providing him with medication. Because of the time required to care for plaintiff, Horacio, who was a framing subcontractor, could no longer operate his company. After plaintiff's lease expired, he moved into a mobile home which was not handicapped accessible. Barbara Armstrong, a registered professional nurse, certified disability management specialist, certified case manager and certified life care planner, testified that she had assessed plaintiff's needs and that he was in need of a variety of home health care needs on a daily basis. The home health nurse or home health aide supplied by defendants provided care every other day. Horacio, assisted by members of his family, provided attendant care services almost every day. Indeed, defendants acknowledge in their brief that they "contemplated paying for attendant care services being provided by" Horacio.
The Commission found that AIG agreed on or about 30 May 2007 to reimburse Horacio Arce for the attendant care services which he provided to plaintiff, but never agreed upon the hours or rate of reimbursement. Defendants argue that there was no meeting of the minds regarding the hours or rate of reimbursement and that these "settlement negotiations" were improperly considered by the Commission in violation of Rule of Evidence 408. N.C. Gen. Stat. § 8C-1, Rule 408 (2009).
The Commission's finding was supported by a letter from plaintiff's counsel to defendants' counsel concerning a telephone conversation in which payment to plaintiff's brother was discussed, and by the deposition testimony of Ms. Pamela Bell, an AIG adjuster. During Ms. Bell's deposition, plaintiff's attorney asked her, "So is it fair to say that your understanding is that AIG agrees, or did agree, to reimburse Horacio Arce for some attendant care services to his brother, Leonel Arce." She responded affirmatively. Thus, defendants argue the finding was based on settlement negotiations and not on "competent" evidence. However, defendants failed to preserve an objection to this testimony at Ms. Bell's deposition. This Court stated in Ballenger v. Burris Industries, 66 N.C. App. 556, 311 S.E.2d 881, disc. review denied, 310 N.C. 743, 315 S.E.2d 700 (1984),
it is incumbent upon the party wishing to exercise his reserved right to object or move to strike testimony, to separately request the hearing commissioner to rule on the specific deposition questions and answers that the party finds objectionable, with the grounds upon which the objection is taken clearly stated.
Ballenger, 66 N.C. App. at 562, 311 S.E.2d at 885. Failure to object and obtain a ruling on the admissibility of Ms. Bell's deposition testimony and the introduction of the letter as evidence prevents defendants from now challenging the consideration of this evidence by the Full Commission. Hunt v. N.C. State Univ., __ N.C. App. __, __, 670 S.E.2d 309, 316 (2009) (holding that "plaintiff never objected to the evidence, so the Commission did not err by considering the evidence").
In the second prong of their argument, defendants contend the Commission erred in awarding retroactive reimbursement for attendant care rendered by Horacio Arce, because it had not been previously approved by the Commission. Plaintiff sought, and was awarded, payment for attendant care provided by his brother as of 30 May 2007.
Citing the North Carolina Supreme Court decision in Hatchett v. Hitchcock Corp., 240 N.C. 591, 83 S.E.2d 539 (1954), Industrial Commission Rule 407, and the Industrial Commission's Medical Fee Schedule, defendants assert that plaintiff may not be retroactively compensated for attendant care without prior approval by the Industrial Commission. However, we do not believe the Commission's award in the case sub judice was "retroactive" in the sense contemplated by the Supreme Court in Hatchett. In Hatchett, the Commission awarded payment for attendant services beginning at the time plaintiff returned home from the hospital. Id. at 593, 83 S.E.2d at 541. This award was reversed by the Supreme Court because the plaintiff had not sought approval for the services before they were rendered. Id. at 594, 83 S.E.2d at 542. Conversely, in this case, the Commission did not award reimbursement for attendant care rendered by Horacio from the commencement of the services nearly eighteen months earlier than the period for which reimbursement was ordered; rather, the Commission began the period of reimbursement on 30 May 2007, the date upon which defendants indicated their willingness to pay for the attendant care services in its communications to plaintiff's counsel. The Commission concluded that, because defendants' own evidence disclosed that defendant had agreed to reimburse Horacio Arce for the services he provided, they "lulled plaintiff into a position of belief that a motion [for approval] was unnecessary." The Commission determined, and we agree, that defendants should not be permitted to benefit by their own actions to bar plaintiff's claim.
Defendants next contend the Commission's findings of fact concerning the purchase of handicapped accessible housing are not supported by competent evidence and the conclusions of law and subsequent award on this point are not supported by findings of fact or proper legal authority. Defendants first contend the findings of fact concerning the modification of plaintiff's house were not supported by the evidence because such modification was not recommended or prescribed by his treating physician.
Pursuant to N.C.G.S. § 97-29, "[i]n cases of total and permanent disability, compensation, including medical compensation, shall be paid for by the employer during the lifetime of the injured employee." N.C. Gen. Stat. § 97-29 (2009). "Medical compensation" has been defined as:
medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability . . . .
N.C. Gen. Stat. § 97-2(19) (2009). In Finding of Fact 13, the Commission lists the needs of plaintiff which were included in the life care plan submitted by Ms. Armstrong. One such need centers around the importance of architectural renovations to make plaintiff's home wheelchair accessible. In Finding of Fact 14, the Commission found that the recommendations listed in Finding of Fact 13 are "reasonably necessary to affect a cure, give relief or lessen plaintiff's disability and as such are defendants' responsibility to provide to plaintiff."
Although the alterations to plaintiff's housing were not recommended by plaintiff's treating physician, the Commission found that "Ms. Armstrong, by virtue of the fact that she performed an in home assessment, is in a better position than plaintiff's treating physician to determine the in home needs of plaintiff in terms of attendant care, housing, and supplies." Defendants have cited no authority which indicates that a treating physician, rather than a life care planner, must make the recommendation for handicapped accessible housing. We conclude the life care plan created by Ms. Armstrong was competent evidence sufficient to support the Commission's findings of fact.
Defendants further contend that, to the extent the Commission's Opinion and Award compels them to purchase a home for plaintiff, it is in error. Defendants allege that, even if recommended by plaintiff's treating physician, they cannot be compelled by the Commission to purchase a handicapped accessible home for plaintiff. We disagree.
Paragraph four of the Industrial Commission's Award states:
Defendants shall pay for modifications to plaintiff's home to make such dwelling handicapped accessible. Should the owner of plaintiff's current dwelling refuse to allow such modifications to commence within 30 days of the date of this Opinion and Award, defendants shall immediately begin the process of obtaining, either through purchase or lease, handicapped accessible housing for plaintiff.
While the award allows defendants to first explore the option of modification to plaintiff's existing residence, the lease or purchase of handicapped accessible housing is a potentiality.
In Derebery v. Pitt County Fire Marshall, 318 N.C. 192, 347 S.E.2d 814 (1986), the North Carolina Supreme Court concluded, "on the basis of the legislative history surrounding N.C.G.S. § 97-29, this Court's prior interpretation of that statute and the persuasive authority of other courts interpreting similar statutes that the employer's obligation to furnish `other treatment or care' [under N.C.G.S. § 97-29] may include the duty to furnish alternate, wheelchair accessible housing." Id. at 203-04, 347 S.E.2d at 821. Defendant correctly notes that the substitute wages which are provided for under the Workers' Compensation Act are meant to cover ordinary expenses such as housing. Timmons v. N.C. Dep't of Transp., 123 N.C. App. 456, 461-62, 473 S.E.2d 356, 359 (1996), aff'd per curiam, 346 N.C. 173, 484 S.E.2d 551 (1997). However, this Court in Timmons stated, "[t]he costs of modifying [one's] housing, however, to accommodate one with extraordinary needs occasioned by a workplace injury . . . is not an ordinary expense of life for which the statutory substitute wage is intended as compensation." Id. at 462, 473 S.E.2d at 359. Thus, this Court in Timmons found that, while the employer was not required to pay for the construction of the entire home, they were required to "pay for adding to plaintiff's new home those accessories necessary to accommodate plaintiff's disabilities." Id. at 461-62, 473 S.E.2d at 359 (internal quotation marks omitted). We conclude that Derebery, read in conjunction with Timmons, suggests that while the provision of ordinary housing is an expense of daily life to be paid out of the employee's substitute wages, the added cost in leasing or purchasing handicapped accessible housing is not and thus is proper "other treatment or care" to be provided by the employer. Thus, we overrule these assignments of error.
Defendants' final contention is that plaintiff is not entitled to all of the recommendations awarded to him under the Opinion and Award. Asserting error in the Commission's award with respect to the provision of specially equipped handicapped accessible transportation for plaintiff, defendants cite McDonald v. Brunswick Electric Membership Corp., 77 N.C. App. 753, 336 S.E.2d 407 (1985). We believe defendants have read McDonald too broadly; in that case, the award of the cost of special adaptive equipment for the vehicle was upheld, but the award of the cost of the vehicle itself was error. Id. at 757, 336 S.E.2d at 409. Here, defendants may be required to continue to provide handicapped accessible transportation on an as needed basis or may be required to equip a vehicle, purchased by plaintiff, so as to accommodate his handicap.
With respect to the Commission's award requiring that defendants pay for the remaining items contained in the life care plan prepared by Ms. Armstrong, defendants argue generally that the recommendations contained in the plan are speculative and not supported by the opinions of plaintiff's treating physicians. For the reasons previously stated, we conclude Ms. Armstrong's recommendations support the Commission's findings with respect to these matter, which, in turn, support its conclusions and award.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).