W. MASTON BALDWIN v. AMAZON COTTON MILLS AND THE TRAVELERS INSURANCE COMPANY.

(Filed 20 January, 1961.)

1. **Master and Servant §§ 74, 82—**

The Industrial Commission has jurisdiction to review an award for change of condition *ex mero motu* or upon application at any time within one year after the last payment of compensation under the prior award, and when application is aptly made, the fact that the Industrial Commission does not actually hear the claim for change of condition until the elapse of more than one year after the last payment of compensation is immaterial. G.S. 97-47.

2. **Master and Servant § 67—**

There is no maximum amount of an award when there is permanent disability due to injury to the spinal cord. G.S. 97-29, G.S. 97-41.

3. **Master and Servant § 91—**

Where the trial commissioner finds for claimant in every respect and enters an award, and the full commission affirms the findings and conclusions of law of the hearing commissioner, the award is in effect a ruling on defendant's motion to dismiss for want of jurisdiction.

4. **Master and Servant § 93—**

The findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence.

APPEAL by defendants from *Olive, J.,* in Chambers 24 June 1960, DAVIDSON COUNTY Superior Court.

Proceeding under the Workmen's Compensation Act.

Plaintiff was injured on 24 January 1952 while employed by Amazon Cotton Mills, and as set out in the record of case on appeal the following proceedings were had in this matter:

1. On 13 February 1952, the Industrial Commission approved an agreement providing for payment of compensation to the plaintiff for temporary total disability at the rate of $30.00 per week beginning 31 January 1952, and continuing for the necessary weeks.

2. On 26 August 1952, a hearing was held before Deputy Commissioner W. Scott Buck, who filed an opinion dated 22 September 1952, directing that an award be issued in favor of the plaintiff; and pursuant to the opinion an award was issued by the Industrial Commission in favor of plaintiff on 24 September 1952.

Deputy Commissioner Buck found as a fact, among other things, at the 26 August 1952 hearing "that plaintiff has not reached the end of his healing period, nor has he achieved his maximum improvement; and that the rating(s) of his permanent injuries were premature * * * ," and concluded as a matter of law that the plaintiff

was disabled and ordered that "the defendants shall pay to the plaintiff compensation at the rate of $30.00 per week based on his average weekly wage, for temporary total disability beginning 23 July 1952, and extending through 26 August 1952, and continuing during disability: Provided, however, that the total period of compensation shall not exceed 400 weeks, nor the total sum of $8,000.00."

3. On 25 February 1954, the Industrial Commission approved a supplemental agreement for payment of compensation for temporary total and temporary partial disability to the plaintiff.

4. On 3 December 1956, a further hearing was held before Commissioner N. F. Ransdell. An opinion was filed by him on 3 January 1957, directing that an order be issued ordering the defendants to comply with the award of Deputy Commissioner Buck, dated 22 September 1952, and issued by the Industrial Commission on 24 September 1952.

In Commissioner Ransdell's opinion the defendants were ordered "to continue to comply with the award of Deputy Commisisoner W. Scott Buck entered in this case as regards the payment of compensation to plaintiff." Pursuant to Commissioner Ransdell's opinion the Industrial Commission issued an award on 8 January 1957.

5. On 25 June 1957, Commissioner Frank H. Gibbs held a further hearing, and on 9 July 1957, filed an order for the Industrial Commission directing the defendants to continue to comply with the award filed by Commissioner Ransdell on 3 January 1957. Commissioner Gibbs held, among other things, that since plaintiff was still disabled and still receiving compensation payments for temporary total disability, defendants were ordered to continue to comply with said order of Commissioner Ransdell.

6. The Industrial Commission received several letters from the plaintiff requesting that the case be re-opened. One letter, dated 18 November 1957, and received by the Industrial Commission on 25 November 1957, requested that the case be reopened for consideration because he had been advised that he had a spinal cord involvement. Another letter dated 29 August 1958, was received by the Industrial Commission on 3 September 1958.

7. On 16 September 1958, the Industrial Commission acknowledged plaintiff's letters, the last two of which are noted above, and advised him that there would be a further hearing in regard to the change of condition.

8. On 21 January 1959, the case was re-set for hearing before Commissioner Robert F. Thomas. No evidence was taken at this hearing, but the Commissioner filed an order on 23 January 1959,

which directed that the case not be placed on the hearing docket except upon plaintiff's request to be made within 90 days of the filing of the order.

9. On 17 April 1959, the Industrial Commission received a letter from the plaintiff's attorney requesting that the case be re-set for a hearing.

. 10. On 23 April 1959, the Industrial Commission received a letter from defendants' attorney requesting "that the letter be treated as a motion to dismiss plaintiff's claim for the reason that he had not brought himself within the provisions of North Carolina General Statutes 97-47 and the maximum compensation had been paid to him under the statutes governing his claim at the time of his injury."

11. On 25 June 1959, a further hearing was had before Deputy Commissioner Thomas. On 29 June 1959, the defendants again moved to dismiss on the grounds "that the North Carolina Industrial Commission does not have jurisdiction over this claim nor the parties hereto, as no change of condition, under North Carolina General Statutes 97-47, has been established; that the previous awards of the North Carolina Industrial Commission have been fully complied with; that the last payment of compensation, to the limit of the liability imposed by the Act, having been paid during September 1957; that thereafter more than one year passed before the North Carolina Industrial Commission on 25 June 1959, reviewed this matter over the objections and motions to dismiss interposed by these defendants; that at such hearing, after motion to dismiss was again made, none of the evidence established a change of condition; it being established that the claimant was paid for total disability to the time of the exhaustion of his rights under this Act; and that claimant is still totally disabled * * * ."

12. On 21 September 1959 an opinion and award was filed by Deputy Commissioner Robert F. Thomas. Findings of Fact and Conclusions of Law were incorporated in the opinion, and the award directed, among other things, "that the defendants pay compensation to the plaintiff at the rate of $30.00 per week beginning 12 September 1957, and continuing during his lifetime without regard to the 400 weeks limitation or the $8,000 maximum compensation, together with medical and hospital bills in the amounts approved by the Industrial Commission * * * ."

13. On 25 September 1959, the defendants gave notice of appeal from the opinion and award filed by Deputy Commisioner Thomas on 21 September 1959 to the Full Commission. On 9 November 1959,

the Industrial Commission received an executed form No. 44, Application for Review, as required by Industrial Commission rules.

14. On 17 December 1959, the cause came on for hearing before the Full Commission, and an opinion and award was filed on 30 December 1959. The Full Commission "overruled each and every one of the defendants' exceptions and adopted as its own the findings of fact and conclusions of law of Deputy Commissioner Thomas, together with the award based thereon, and ordered that the result reached by him be in all respects affirmed."

15. From the ruling of the Full Commission the defendants appealed to the Superior Court, setting out exceptions and assignments of error to the findings of fact, conclusions of law and award of the Industrial Commission, and renewed their motion to dismiss the action.

The cause coming on to be heard, and being heard, the Superior Court overruled the exceptions and assignments of error filed by the defendants and affirmed the findings of fact and the conclusions of law contained in the award of the Industrial Commission "filed on the 30th day of December 1959, awarding compensation to the plaintiff." .

16. From the foregoing ruling in the Superior Court the defendants except and appeal to the Supreme Court, and assign error.

*W. H. Steed, Teague, Johnson & Patterson for plaintiff, appellee.*
*Sapp & Sapp for defendant appellants.*

WINBORNE, C. J.: The pivotal question on appeal is whether or not the Industrial Commission had jurisdiction of this case when "the plaintiff received the full benefit of an award to the limit of the North Carolina Workmen's Compensation Act, Chapter 97 of the General Statutes of North Carolina, Article 1 * * *" for the injury initially claimed. Put another way, is the finding of fact at the original hearing conclusive, or does the Industrial Commission retain jurisdiction over the parties and subject matter of the dispute for further adjustment for change of condition?

Defendants contend that all of the terms of the initial award have been complied with and, therefore, the North Carolina Industrial Commission does not have jurisdiction. On the other hand, the plaintiff contends that the plaintiff had a change of condition and that the law, specifically G.S. 97-47, gives the Industrial Commission the authority to re-open a case upon a proper application for a change of condition.

G.S. 97-47 provides: "Upon its own motion or upon the application

of any party in interest on the ground of a change of condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this article * * * ." By this section the Industrial Commission is given authority to review an award and increase the compensation theretofore awarded when there has been a change of condition of the claimant, and where the evidence supports a finding of change in claimant's condition, the finding of the Industrial Commission is conclusive. *Knight v. Body Co.*, 214 N.C. 7, 197 S.E. 563; *Murray v. Knitting Co.*, 214 N.C. 437, 199 S.E. 609; *Dail v. Kellex Corp.*, 233 N.C. 446, 64 S.E. 2d 438.

In the *Dail* case, *supra*, the Court said: "The Commission is concerned with conditions existing prior to and at the time of the hearing. If such conditions change in the future, to the detriment of the claimant, this section affords the claimant a remedy and fixes the time within which to seek it."

The conclusion is that the Industrial Commission, by virtue of G.S. 97-47, had authority to re-open the case upon application for change of condition, notwithstanding the fact that defendants had paid the maximum under the award of Deputy Commissioner W. Scott Buck, dated 22 September 1952. Indeed, there is no maximum where there is permanent disability due to injury to the spinal cord. G.S. 97-29; G.S. 97-41.

G.S. 97-47 further provides that a review must be had within twelve months from the last payment of compensation. And in this connection this Court has held that the last payment of compensation within the meaning of this section is the date the last check was delivered to and accepted by the employee. *Paris v. Carolina Builders Corp.*, 244 N.C. 35, 92 S.E. 2d 405; *Harris v. Asheville Contracting Co.*, 240 N.C. 715, 83 S.E. 2d 802.

The defendants contend that since the review in this case was actually made by the Industrial Commission more than twelve months after the last payment of compensation, the Industrial Commission is precluded from making the review. We cannot agree with this contention. The record of case on appeal shows that the defendants made the last payment of compensation on 11 September 1957, and that the plaintiff requested a hearing on 18 November 1957. The fact that the Industrial Commission did not actually hear the claim until after the twelve months period had elapsed does not bar the plaintiff from having his case heard by the Commission. The plaintiff requested a hearing in apt time and the fact the Industrial Com-

mission did not actually conduct the hearing within the time specified by the statute does not revoke the jurisdiction of the Industrial Commission in the matter.

Indeed, the defendants cite cases in their brief in which there is language to the effect that an application for review within the twelve months following final payment of compensation is sufficient to invoke the jurisdiction of the Commission. *Whitted v. Palmer-Bee Co.*, 228 N.C. 447, 46 S.E. 2d 109; *Dail v. Kellex Corp.*, *supra; Harris v. Asheville Contracting Co.*, *supra; Paris v. Carolina Builders Corp.*, *supra.*

The plaintiff should not have his rights prejudiced by the fact that circumstances prevented the Industrial Commission from actually conducting the hearing within the twelve months next after the last payment of compensation.

The defendants also assign as error the fact that their motion to dismiss was not ruled upon by the Hearing Commissioner, Full Commission, or the Superior Court. It is to be noted that the Trial Commissioner by his opinion and award filed 21 September 1959, in effect ruled on the motion to dismiss in that he found for the plaintiff in every respect. Thereafter the Full Commission affirmed in every respect the findings of fact and conclusions of law rendered by the Hearing Commissioner, and the Superior Court affirmed the findings of fact and conclusions of law of the Full Commission.

It is an elementary rule of law in North Carolina in Workmen's Compensation cases that the facts found by the Industrial Commission are conclusive on appeal, both in the Superior Court and in the Supreme Court when supported by competent evidence. G.S. 97-86. *McGinnis v. Finishing Plant, ante,* 493. Upon a careful reading of the record of case on appeal the conclusion is that the evidence supports the findings of fact; that the findings of fact support the conclusions of law; and that the conclusions of law support the award.

Therefore, for reasons stated the judgment of the Superior Court from which appeal is taken is

Affirmed.