GRADY L. GODWIN, BY HIS NEXT FRIEND, THELTON P. GODWIN, EMPLOYEE, v. SWIFT AND COMPANY, EMPLOYER; SECURITY MUTUAL CASUALTY COMPANY, CARRIER.

(Filed 20 June, 1967.)

**1. Master and Servant § 74—**

Testimony to the effect that subsequent to the award of compensation, the injured employee, who had suffered a brain injury, was "gradually going backwards now" and that his condition required increased care so that someone should be on call for his needs 24 hours a day, *held* to support a finding of a change of condition justifying an increase in the award.

**2. Master and Servant § 67—**

The limitation of compensation payments for ordinary injuries to 400 weeks and a maximum of $12,000, does not apply to compensation for spinal cord and brain injuries, which may be authorized for the life of the injured employee. G.S. 97-29.

GODWIN v. SWIFT & Co.

**3. Same—**

In cases of spinal cord and brain injuries, provision may be made for the payment of compensation for reasonable and necessary nursing services, medicines, sick travel, medical, hospital and other treatment or care, and the provision for payment for "other treatment or care" authorizes payment for such purposes in addition to the specifics set out in this statute.

**4. Same—**

The requirement of prior written authority of the Industrial Commission for the payment of fees for practical nursing by a member of the family of the injured employee, applies to ordinary injuries; in regard to spinal and brain injuries the statute specifically provides that payment may be made for "other treatment or care" which may include nursing care by a member of the employee's family, and therefore in such case approval of payment for such nursing care by the Commission before payment or demand for payment is a substantial compliance with the Commission's rules.

**5. Same— Evidence held to support conclusion that employee's brother and sister-in-law could give him better nursing care in the home.**

The evidence tended to show that the injured employee, who was suffering from a brain injury, was getting progressively worse, that the nursing home which was caring for him could not provide attendants for more than 16 hours out of the 24, that the injured employee's condition required someone to be on call to provide attention at any time during the day or night, and that the injured employee's brother and his sister-in-law could give him such attention if the employee lived in his trailer home attached to the home of his brother. *Held:* The evidence supports the Commission's findings that the employee would be better off in his trailer home, and that the increased demand and need for around the clock attention and care entitled his brother and wife to an increase in the per week compensation for such services, and the award of such compensation is authorized by the provisions for payment for "other treatment or care" as specified in G.S. 97-29.

**6. Master and Servant § 93—**

Findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence.

APPEAL by defendants from *Cohoon, J.,* November, 1966 Civil Session, WILSON Superior Court.

This proceeding originated before the North Carolina Industrial Commission as a compensation claim filed on behalf of Grady L. Godwin, employee, by Thelton P. Godwin, his brother, as next friend. The claim is based on injuries by accident arising out of and in the course of his employment by Swift and Company at its Wilson, North Carolina plant. All jurisdictional facts were stipulated.

At the first hearing, the Deputy Commissioner, Mr. Delbridge, found that on February 8, 1962, the claimant, age 28, while unloading a railway tank car, received an injury by accident. "The

employee sustained a serious head injury when he fell to the concrete floor." When discovered, he was unconscious and remained so for two months, during which time brain surgery was performed. Hospitalization and attempts at rehabilitation were made. During the latter, it was discovered that as a result of the brain and other injuries sustained in the fall, he was totally and permanently blind in both eyes, partially paralyzed, emotionally unstable, and mentally deficient. The claimant was in hospitals, nursing homes and rehabilitation centers at the expense of the employer and its insurance carrier.

The Commission, after full review, made an award of $35 per week and reasonable medical, hospital and nursing bills for the remainder of the claimant's life, without regard to the 400 weeks limitation or the $12,000 maximum. The Commission found that at times when the claimant was not in the hospital or in a nursing home, his brother, Thelton P. Godwin, and wife, rendered personal services which were reasonably worth $50 per week and that a lump sum payment for past services should be made by the employer and its carrier.

As a result of the hearing before Deputy Commissioner Delbridge on January 17, 1966, the Commissioner found there was a change in the claimant's condition and that the change "required increased care, that his recent admission to and treatment by Wilson Memorial Hospital and thereafter in a nursing home were reasonable and necessary expenses in the course of care and treatment." The Commissioner found the claimant would receive constant attention and be better off in his trailer home (which was connected to the home of Thelton P. Godwin and his wife) than was available elsewhere, and that because of the increased demands and need for around-the-clock attention and care, his brother and wife were entitled to the payment of $65 per week for such services. The defendants filed exceptions to the Commissioner's findings and award and applied for and obtained a review by the full Commission.

The full Commission, after review, concluded the hearing commissioner's findings of fact were supported by competent evidence, adopted them as its own, approved the conclusions of law and affirmed the award. The defendants filed detailed exceptions to the findings of fact, to the conclusions of law, and to the award of the full Commission and appealed to the Superior Court of Wilson County.

At the November, 1966 Civil Session of Wilson Superior Court, Judge Cohoon heard the appeal. The parties agreed that he might consider the record and render judgment out of the county and out of the district. On January 27, 1967 he filed the judgment overruling the several exceptions and affirmed the Commission's findings of

fact, conclusions of law and approved the awards. The defendants excepted and appealed.

*Gardner, Connor & Lee by David M. Connor for defendant appellants.*

*Narron, Holdford & Holdford by William H. Holdford for plaintiff appellee.*

HIGGINS, J.  The appellants challenge the Commission's findings that a change of condition justified the increase in the awards to the brother and his wife for "other treatment and care" not embraced in the medical, hospital, and nursing expenses. Prior to the change of condition, the brother and his wife had been providing services and were allowed $50 per week under the Commission's order. There is neither claim nor evidence to support the contention the claimant's condition had improved. There is evidence his condition had deteriorated and his need of personal attention more demanding. His meals had to be carefully prepared. His attempt at bodily movement and needed exercise had to be supervised and encouraged. Being blind, his calls for assistance were made at all hours. It was always night to him. Either the brother or his wife was available for calls around the clock. There was abundant evidence he was happiest and best off in his trailer home. There was evidence to support the finding that $15 per week increase in the allowance for treatment and care was warranted.

Ordinarily, weekly compensation payments for injuries as a result of industrial accidents may not exceed 400 weeks or a maximum of $12,000. However, "In cases in which total and permanent disability results from paralysis resulting from an injury to the brain or spinal cord or from loss of mental capacity resulting from an injury to the brain, compensation, including reasonable and necessary nursing services, medicines, sick travel, medical, hospital *and other treatment or care* shall be paid during the life of the injured employee. . . ." (Emphasis added) G.S. 97-29. "Indeed, there is no maximum where there is permanent disability due to injury to the spinal cord. G.S. 97-29; G.S. 97-41." *Baldwin v. Cotton Mills,* 253 N.C. 740, 117 S.E. 2d 718.

Spinal cord and brain injuries are placed in the same category by G.S. 97-29. The statute makes provision for payment for named essential items and services, and adds *"other treatment or care."* The provision for other treatment or *care* goes beyond and is in addition to the specifics set out in the statute.

While some of the charges did not have the prior approval of the Commission, they were so approved before payment or demand for payment was made. This was a substantial, if not a technical, compliance with the Commission's rules. The case of *Hatchett v. Hitchcock Corp.*, 240 N.C. 591, 83 S.E. 2d 539 does not support the appellants' objection to them, on the ground they were without the Commission's prior approval. In *Hatchett*, the claimant suffered a broken leg. His mother, who was not a nurse, filed claim for nursing him during his convalescence. The regulations provided fees for practical nursing by a member of the family will not be honored unless written authority has been obtained in advance. The claim was filed under G.S. 97-25 and G.S. 97-26 which did not contain provisions for the *care* of the injured claimant. Payment for care is proper in a case of brain or spinal cord injury causing paralysis and is authorized for a blind paralytic, but not for an injured who has only a broken leg.

There was evidence in the record to support the finding that other treatment or care was reasonably necessary for the welfare of the claimant and the costs thereof were not excessive. Mrs. Glasgow testified she was business manager of the Friendly Elm Nursing Home. Grady Godwin had been a patient in the home in 1965. The witness testified: "We had been requested to have special attendants put on with him. . . . However, we could not get them around the clock. We were able to get them for sixteen hours from seven in the morning until eleven at night." When asked where, in her opinion, Grady is best off, she replied, "In my opinion right where he is." The brother testified that Grady went from the hospital to the nursing home and from the nursing home to the trailer. "The reason I took Grady away from there (the nursing home) was that he was not getting proper care. He was not getting any help to walk. He could not get up and get water. . . . I could not leave him there . . . under those conditions. . . . Grady is gradually going backwards now." The foregoing and other evidence in the record supported the findings of fact; hence, the findings are conclusive on appeal. *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865; *Baldwin v. Cotton Mills, supra; Murray v. Knitting Co.*, 214 N.C. 437, 199 S.E. 609; *Knight v. Body Co.*, 214 N.C. 7, 197 S.E. 563.

On March 1, 1966 the hearing commissioner, after full hearing at which all interested parties were represented, found there had been a change in the condition of the claimant, and need for additional services and care, and made an award therefor. The defendants duly excepted and gave notice of appeal to the full Commission. On August 1, 1966 the full Commission overruled all exceptions,

adopted the hearing commissioner's findings and conclusions and approved the award. The defendants appealed to the Superior Court. At the November, 1966 Civil Session, Wilson Superior Court, Judge Cohoon heard the appeal and on January 27, 1967 rendered judgment overruling all exceptions, affirmed the findings and conclusions and approved the award.

The hearing commissioner, the full Commission, and Judge Cohoon concluded the evidence warranted the specific awards designated in the order, which included an allowance of $65 per week to the claimant's brother and wife for the around-the-clock services to the blind and almost helpless victim of injuries sustained while he was in the employer's services. He is now 33 years old and "gradually going backwards now." On this record, we are not willing to say the Superior Court, the full Commission, and the hearing commissioner committed error of law by finding the services were necessary and the awards reasonable solely upon the ground that some less expensive arrangement might have been made for them.

The judgment of the Superior Court of Wilson County is

Affirmed.