The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for modifications relating to whether the increase of pay to the care givers is to be retroactive. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner, with modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff-employee and the defendant-employer at all times relevant hereto.
3. On or about 22 November 1994, the plaintiff experienced a compensable injury by accident arising out of and in the course of his employment with Cardinal Freight Carriers.
4. Cardinal Freight Carriers is a qualified self-insurer and Arkansas Best Freight is the adjusting service on the risk.
5. Plaintiff's average weekly wage is $701.96, resulting in a weekly compensation rate of $466.00.
6. The parties entered into an Amended I.C. Form 21 Agreement for Compensation for Disability approved by the Industrial Commission on 5 May 1998.
7. The amount of indemnity and medical expenses paid as of 16 October 1998 are $86,542.86 and $213,616.65, respectively.
8. Plaintiff is currently receiving attendant care at the defendant's expense for ten hours per day, five days per week, at an hourly rate of $5.00 per hour.
9. Exhibits indexed and attached to the Pre-Trial Agreement under Tabs 1 through 4 were received into evidence without need of further authentication, without prejudice to the right of either party to take the testimony of any of the witnesses identified in the records.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following findings of fact:
 FINDINGS OF FACT
1. At the time of the initial hearing, the plaintiff was a 43 year old married male.
2. On 22 November 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment as a truck driver. The accident occurred when an eighteen-wheeler struck Mr. Davis' truck as he was getting out of his vehicle.
3. Plaintiff suffered multiple injuries, including a closed head injury, as a result of his accident on November 22, 1994. He was taken to Champlain Valley Physicians Hospital Medical Center in Plattsburgh, New York immediately after the accident and was hospitalized in their Intensive Care Unit. He was diagnosed with a cerebral concussion, scalp contusion and laceration right frontal, dislocated right shoulder and possible abdominal injury. He was released on November 26, 1994. Plaintiff was examined by a number of physicians following his discharge and return to South Carolina, including Martin Greenberg, M.D., Ph.D., of the Southern Neurologic Institute and Daniel J. Smith, M.D., of Aiken Ophthalmology.
4. Because of the seriousness of his injuries, plaintiff was referred to Hitchcock Rehabilitation for evaluation and treatment. His complaints included, but were not limited to, headaches, problems with his vision, and back, neck, and shoulder pain. Unfortunately, his condition continued to deteriorate including the onset of seizures and failing eyesight. He was later referred to Walton Rehabilitation Hospital for severe headaches, numbness, left shoulder pain, multiple back problems, and other related problems. However, treatment at that facility was suspended when his seizure disorder could not be controlled. The seizures have continued and plaintiff now suffers from "industrial blindness" under N.C. Gen. Stat. § 97-31(19). As a result of his compensable traumatic brain injury, he now requires attendant care seven days per week.
5. Since his compensable injury, plaintiff has also exhibited suicidal tendencies.
6. Beginning about December, 1994, Gina Cochran, stepdaughter of the plaintiff, was hired by the defendant to provide attendant care to plaintiff. Services of Ms. Cochran have been provided at the defendants' expense initially for 40 hours, and later for 50 hours per week at the rate of $5.00 per hour.
7. Gina Cochran received her "Document of Nurse Aide Certification for Long-Term Care" from the South Carolina Department of Health and Environmental Control, Division of Certification, on 7 June 1995.
8. Pat Davis, wife of the plaintiff, has provided attendant care for the remaining hours per week. Plaintiff's wife is employed outside the home and is, therefore, usually unavailable to provide attendant care with the exception of nights and weekends.
9. The services provided to plaintiff by Pat Davis, his wife, are greater than the services which would usually and customarily be part of the marital relationship, due to the plaintiff's impairments from his compensable injury which render him unable to perform some of the basic functions of daily living without assistance.
10. If plaintiff's wife did not provide attendant care services, defendant would have to provide (and pay for) the services through an alternative system of support in order to provide the plaintiff with the seven days a week of attendant care that was recommended by Dr. Greenberg, Dr. Smith and Stephen Carpenter, a vocational rehabilitation counselor. The Full Commission finds that seven days of attendant care per week, 52 weeks a year, are necessary.
11. Plaintiff, at all times since December, 1994, has been under the care and supervision of Gina Cochran; Pat Davis, his wife; Christine Gardner, or Mr. Davis' mother. At no time has he been left alone without provision being made for him to have an attendant present.
12. There is a personal relationship between Gina Cochran, Pat Davis, and Marion Dale Davis, the plaintiff, which is important to preserve, if possible, in light of plaintiff's profound seizure disorder and resulting impairments.
13. Gina Cochran and Pat Davis have provided reasonable and adequate attendant care services in the past and are entitled to be paid reasonable compensation therefor.
14. Among the issues to be decided are: (A) Is Marion Dale Davis entitled to attendant care reimbursement for seven days per week as opposed to the five days per week currently being paid for by the employer and carrier? (B) Is Marion Dale Davis entitled to reimbursement for attendant care at the same hourly rate generally paid for the same level of attendant care services in his community, as opposed to the $5.00 hourly rate currently being paid by the Employer and Carrier? (C) Is Marion Dale Davis entitled to be paid, both retrospectively and prospectively, for attendant care that his wife has provided and continues to provide at least two days per week? (D) How frequently should the attendant caregivers be paid? and (E) Should the defendants be sanctioned for changing the frequency of payment of the attendant caregivers?
15. There was no understanding or agreement prior to 4 June 1998 that Gina Cochran would provide attendant care services to the plaintiff at any specified beginning and ending time during the day.
16. A reasonable expectation would be that Gina Cochran would not only be providing attendant care for the plaintiff, but also providing relief from the responsibilities for attendant care which Pat Davis, plaintiff's wife, has undertaken at other times throughout the work week and also performs on the weekend.
17. Although there may be some misunderstandings between the parties as to the exact times that Gina Cochran has provided the attendant care for the plaintiff, she has provided a minimum of 50 hours per week attendant care in the past for which she was compensated by the defendants at the rate of $5.00 per hour.
18. Plaintiff needs attendant care services for seven days per week, ten hours per day, 52 weeks a year, at the defendant's expense. This need extends back to December, 1994.
19. Attendant care services at the level currently provided by Gina Cochran would be billed at a rate between $7.00 and $10.00 per hour if provided by an experienced individual in the area where plaintiff resides. The rate charged for such services if provided by a home health agency in the area where plaintiff resides would be billed at between $10.00 and $15.00 per hour.
20. A person of Gina Cochran's experience providing attendant care services in plaintiff's community would be compensated on average at the rate of $8.50 per hour, with time and one-half paid for all hours over 40 hours per week plus a mileage reimbursement at the allowable Internal Revenue Service rate for transporting plaintiff to his doctors' appointments.
21. A person of Pat Davis' experience providing attendant care services in plaintiff's community would be compensated on average at the rate of $8.00 per hour, with time and one-half paid for all hours over 40 hours per week plus a mileage reimbursement at the allowable Internal Revenue Service rate for transporting plaintiff to his doctor's appointments.
22. The hourly rate charged by commercial providers of attendant care services is expected to increase over time.
23. Defendant contends that plaintiff is not entitled to payment for attendant care services over and above the 50 hours per week heretofore provided by the defendant because plaintiff has a wife (or other family member) who can provide the services that plaintiff needs during the remaining hours each week. Under this theory, a plaintiff could not receive compensation for attendant care services where the services are provided by an extremely devoted wife or other family member until the wife or family member reached a point where they were physically or emotionally unable to continue to provide these services. This rationale has the effect of absolving an employer of the responsibility for paying for attendant care services and shifts the responsibility to the wife or other family member. The result would be a violation of one of the basic tenants of workers' compensation law which requires the employer to be responsible for the consequences of the compensable injury. Employers cannot and should not be allowed to shift their obligations to provide attendant care services to devoted spouses and/or other family members.
24. Gina Cochran has provided attendant care services to plaintiff since December, 1994 and defendant generally issued a check to her every other week for services provided in the prior two weeks. One of the issues at the hearing on 11 June 1998 was whether Ms. Cochran was entitled to reimbursement for her services at the same hourly rate generally paid for the same level of attendant care services in plaintiff s community as opposed to the $5.00 hourly rate she was being paid by defendant. Due to certain actions of defendants, plaintiff's counsel became concerned that defendant would retaliate against Ms. Cochran based on plaintiff's pursuit of a rate of pay over and above $5.00 per hour. At hearing, plaintiff's counsel brought his concern to the attention of the Deputy Commissioner.
25. The Deputy Commissioner responded that "the status quo will remain the same unless there is a motion or some type of petition to the Industrial Commission . . ." Shortly after hearing, however, defendant discontinued the bi-weekly payments to Ms. Cochran. Cochran made repeated calls to the Defendant-Carrier's adjuster who responded that the attendant care checks would be sent when "they got around to it." Ultimately, on or about 20 July 1998, plaintiff applied for and received an Order requiring the carrier to issue checks and place them in the mail to Ms. Cochran "immediately upon completion of her weekly services." The defendant disregarded the Deputy Commissioner's Order and continued the delay in sending the checks. Defendant's refusal to comply with the interlocutory order of the hearing officer justifies the imposition of sanctions under I.C. Rule 802.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff is permanently and totally disabled. N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-31(17); N.C. Gen. Stat. § 97-31(19).
2. Plaintiff is entitled to attendant care reimbursement for seven days per week, ten hours per day, 52 weeks per year at the same hourly rate generally paid for the same level of attendant care services in plaintiff's community, subject to time and one-half for overtime for hours greater than forty hours per week. N.C. Gen. Stat. § 97-25.
3. Gina Cochran's and Pat Davis' provision of attendant care services is reasonable and necessary to give needed relief from the injuries and conditions plaintiff sustained as a result of the compensable injury by accident. The hourly rate of $8.50 is a reasonable hourly rate for compensation for attendant care services for Gina Cochran and $8.00 is a reasonable hourly rate for Pat Davis from the date of the hearing before the Deputy Commissioner, 11 June 1998, going forward. Gina Cochran and Pat Davis are entitled to be paid at a rate of time and one-half for all hours worked per week over 40 hours. Gina Cochran and Pat Davis are entitled to be paid mileage reimbursement at the applicable Industrial Commission rate for transportation provided to plaintiff to obtain medical treatment. Gina Cochran and Pat Davis are entitled to be paid $5 per hour for hours prior to the date of the hearing before the Deputy Commissioner, and $7.50 per hour for overtime hours for overtime hours prior to the date of the hearing before the Deputy Commissioner. N.C. Gen. Stat. § 97-25.
4. From and after 11 June 1998, Pat Davis, wife of Marion Dale Davis, is entitled to be paid for the attendant care she provides plaintiff at the rate of $8.00 per hour for ten hours per day for each weekend day that she provides attendant care services for plaintiff. N.C. Gen. Stat. § 97-25.
5. Case law and decisions of the Industrial Commission recognize that spouses and other family members are not required to attend to loved ones and provide attendant care without compensation in work-related incidents. N.C. Gen. Stat. § 97-25;Godwin v. Swift and Company, 270 N.C. 690 155 S.E.2d 157 (1967) [plaintiff's brother and wife compensated $65.00 per week for attendant care services]; Bramlett v. Carolina Galvanizing, I.C. No. 755263 (1994) [family members awarded $6 per hour for attendant care]; Dial v. Stedman Corporation, I.C. No. 862533 (1996) [plaintiff's daughter awarded $6 per hour for attendant care]; Ward v. Duke Power Company, I.C. No. 226372 (1995)[wife awarded attendant care pay at the prevailing rates for a licensed practical nurse and certified nursing assistant].
6. Rule 802 of the Rules of the North Carolina Industrial Commission provides: "upon failure to comply with any of the aforementioned rules, the Industrial Commission may subject the violator to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure, including reasonable attorney fees to be taxed against the party or his counsel whose conduct necessitates the order." This section applies with equal effect to lawful orders of the Industrial Commission's hearing officers. Additionally, Rule 403 of the Rules of the North Carolina Industrial Commission provides, in pertinent part: "(2) All payments of compensation must be made in strict accordance with the award issued by the Industrial Commission." Accordingly, it is proper to tax defendants for plaintiff's attorney fees in opposing defendants' violation of these rules. Plaintiff's attorneys are entitled to a reasonable fee of $500.00 in this regard. Hauser vs. Advanced Plastiforms, Inc., ___ N.C. App. ___, ___ S.E.2d ___ (98COA904, June 1, 1999).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. The defendant shall pay compensation to Gina Cochran for attendant care services for fifty hours per week. Compensation shall be paid at the rate of $8.50 per hour for the first 40 hours per week, and at a time and one-half rate for the other ten hours per week from 11 June 1998 going forward. Work prior to 11 June 1998 shall be compensated at the rate of $5.00 per hour for normal time and $7.50 per hour for overtime. Such compensation shall be paid weekly.
2. The defendant shall pay compensation to Pat Davis for attendant care services for ten hours per each weekend day at the rate of $8.00 per hour from 11 June 1998. Work prior to 11 June 1998 shall be compensated at the rate of $5.00 per hour for normal time and $7.50 per hour for overtime. Such compensation shall be paid weekly.
3. Gina Cochran and Pat Davis are entitled to be paid mileage reimbursement at the allowable Industrial Commission rate for transportation provided to plaintiff to obtain medical treatment. Such mileage reimbursement shall be paid weekly.
4. Defendant shall pay the costs, including expert witness fees as follows:
 a. To Stephen D. Carpenter, M.ED, CRC, CDMS, CCM, MES: $100.00;
b. To Martin Greenberg, M.D., Ph.D.: $275.00; and
c. To Daniel Smith, M.D.: $200.00.
5. Defendants shall pay an attorney fee of $500.00 to plaintiff's counsel as costs for defendants' violation of orders of the Industrial Commission pertaining to payment of attendant care weekly.
6. The plaintiff, from time to time, is entitled to seek from the Commission an upward adjustment in the rate awarded for attendant care services based on increased charges for such services in plaintiff's community.
7. Defendant shall pay the costs.
This 8th day of July 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ BERNADINE S. BALLANCE COMMISSIONER