I concur with the majority opinion in this case. Because of the numerous questions (and cases) that the Full Commission has received concerning family attendant care, I believe it would be beneficial to discuss this issue in further detail.
Attendant care is medical treatment and is subject to the reasonable restrictions for other forms of healthcare. Plaintiff is entitled to receive reasonable and necessary medical services and other treatment as may reasonably be required to affect a cure or give relief. N.C.G.S. §§ 97-2(19), 97-25. Thus, attendant care services may be compensable under the Act.
Not all attendant or nursing care sought by a plaintiff, however, is compensable medical compensation. Under Section 97-2(10) of the Act, attendant care provided by a spouse is compensable provided the care is "treatment" and provided it is "reasonable and necessary." In determining this question, I find persuasive the guidance of the Virginia Supreme Court and several other jurisdictions that have used the following four-point standard to determine whether attendant care is reasonable and necessary treatment:
 ". . . [T]he employer must pay for the care when it is performed by a spouse, if (1) the employer knows of the employee's need for medical attention at home as a result of the industrial accident; (2) the medical attention is performed under the direction and control of a physician, that is, a physician must state home nursing care is necessary as a result of the accident and must describe with a reasonable degree of particularity the nature and extent of duties to be performed by the spouse; (3) the care rendered by the spouse must be of the type usually rendered only by trained attendants and beyond the scope of normal household duties; and (4) there is a means to determine with proper certainty the reasonable value of the services performed by the spouse."
Warren Trucking Co. v. Chandler, 221 Va. 1108, 277 S.E.2d 488 (1981);Kenbridge Const. Co. v. Poole, 25 Va. App. 115, 486 S.E.2d 567 (1997);see also In Re Klapacs's Case, 355 Mass. 46, 242 N.E.2d 862 (9168); Rossv. Northern States Power Co., 442 N.W.2d 296 (Minn. 1989); Larson v.Squire Shops, 228 Mont. 377, 742 P.2d 1003 (1987); St. Clair v. County ofGrant, 110 N.M. 543, 797 P.2d 993 (N.M.Ct.App. 1990).
Services that primarily consist of prompting or giving "verbal cues" are not compensable medical services or treatment. See Little RockConvention and Visitors Bureau, 60 Ark. App. 82, 959 S.W.2d 415 (1997);Warren Trucking Co. v. Chandler, supra. The determination of whether attendant care is compensable medical treatment is generally a question of fact. Alexander v. LaLonde Enterprises, 288 N.W.2d 18 (Minn. 1980);see London v Snak Time Catering, 136 N.C. App. 473, 525 S.E.2d 203
(2000).
Further, attendant care is regulated by the pre-authorization provisions of the Medical Fee Schedule. N.C. Workers' Compensation Medical Fee Schedule § 14, Special Duty Nursing; Hatchett v. The HitchcockCorp., 240 N.C. 591, 83 S.E.2d 539 (1954); see also Godwin v. Swift Co., 270 N.C. 690, 155 S.E.2d 157 (1967). Chapter 14 of the Workers' Compensation Medical Fee Schedule specifically states:
 "When deemed urgent and necessary by the attending physician, special duty nurses may be employed. Such necessity must be stated in writing when more than seven days of nursing services have been required.
 *** Except in unusual cases where the treating physician certifies it is required, fees for practical nursing services by members of the immediate family of the injured will not be approved unless written authority for the rendition of such services for pay is first obtained from the Industrial Commission."
This pronouncement by the Industrial Commission is consistent with the long established rule in North Carolina that practical nursing will not be honored unless written authority is first obtained from the Commission. See Hatchett v. The Hitchcock Corp., supra. Although the "Special Duty Nursing" provision, quoted above, is contained in Chapter 14 which is entitled "Hospital Fee Schedule," in reviewing the history for the promulgation of this provision, I found that the Chief Medical Fee Examiner had suggested that this provision be placed under a caption describing that it also applied to out-patient settings, but The Medical Fee Schedule was already printed. In any event, the nursing and home health care provisions on their face are not limited to in-patient settings. Furthermore, the preauthorization requirement is reasonable in order to place the employer on notice of the need to provide the nursing services, to cause an investigation as to the extent of the necessary services, if any, and to allow the employer to exercise its right to direct the medical care. See N.C.G.S. § 97-25.
Further, reimbursement of family members for attendant care need not be at the same rates paid to an outside service. The outside service fees include overhead, profit, and other charges in excess of the cost for the services provided by the unskilled attendant. Therefore, in many cases the Commission has established reimbursement at the rate that the unskilled attendant is paid, rather than the sum charged by the placement agency.
Also worth noting is that, under the Fair Labor Standard Act, "companion services," such as those provided by attendant care providers are exempt from the standard time and a half overtime pay provisions.Armani v. Maxim Healthcare Services, 53 F. Supp.2d 1120 (D.Colo. 1999);29 U.S.C. § 213(a)(15); 29 C.F.R. § 552.6. Therefore, in computing the amount of reimbursement for the services, the attendant care provider is not entitled to overtime benefits. Id.
This information may assist the parties in these cases in mutually resolving their differences concerning the compensability of "attendant care."
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER