DEWEY D. MEHAFFEY, Employee, Plaintiff v. BURGER KING, Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. COA10-1421

(Filed 6 December 2011)

**1. Workers' Compensation—retroactive payments for attendant care—preapproval required**

The Industrial Commission erred in a workers' compensation case by awarding retroactive payments to plaintiff's wife for the attendant care she provided because the services were not preapproved.

**2. Workers' Compensation—ongoing attendant care—hospital bed—mobility scooter—weight of testimony for Commission**

The Industrial Commission did not err in a workers' compensation case by awarding plaintiff ongoing attendant care, a hospital bed, and a mobility scooter. The fact that other doctors who treated plaintiff disagreed with the recommending doctor that the Commission used to base its findings of fact did not mean those recommendations were not supported by competent evidence. The Commission solely determines the weight to award testimony.

**3. Workers' Compensation—home and vehicle modifications—effect a cure or give relief**

The Industrial Commission did not err in a workers' compensation case by awarding plaintiff home and vehicle modifications. Although defendants asserted that no physicians testified that these modifications were required to effect a cure or give relief, they were required to enable plaintiff to use the wheelchair and scooter that were required for relief.

Appeal by Defendants from Opinion and Award entered 18 August 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 April 2011.

*The Sumwalt Law Firm, by Mark T. Sumwalt and Vernon Sumwalt, and Grimes and Teich, by Henry E. Teich, for Plaintiff-Appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Jeremy T. Canipe and M. Duane Jones, for Defendant-Appellants.*

BEASLEY, Judge.

Burger King and its insurance carrier, Liberty Mutual Insurance Company, (collectively Defendants) appeal from an Opinion and Award entered by the North Carolina Industrial Commission (the Commission) granting Dewey D. Mehaffey (Plaintiff) compensation for past and future attendant care, and payment of expenses for medical care and equipment. For the reasons stated herein, we affirm in part and reverse in part.

On 13 August 2007, Plaintiff sustained an admittedly compensable knee injury while working as a manager at Defendant Burger King. On 25 September 2007, Plaintiff underwent surgery on his injured knee. When he did not improve after the operation, his surgeon, Dr. Angus Graham, worried that Plaintiff was developing chronic regional pain syndrome, also known as reflex sympathetic dystrophy (RSD). Dr. Graham referred Plaintiff to chronic pain management specialist, Dr. Eugene Mironer, who performed an unsuccessful lumbar sympathetic block in January 2008. Plaintiff then saw Dr. John Stringfield, his board-certified family physician, who again recommended Plaintiff see a chronic pain specialist, and also referred Plaintiff to a psychiatrist for depression. On 9 June 2008, psychiatrist Dr. Kenneth Leetz evaluated Plaintiff and concluded that his depression was directly related to his injury and the resulting RSD.

Dr. Mironer's records indicate that, as of 20 June 2008, Plaintiff was using a walker. Dr. Mironer wrote Plaintiff a prescription for a walker, but Defendants did not approve the prescription. Defendants did approve a trial spinal cord stimulator, which Dr. Mironer implanted on 11 August 2008, but was not successful. During a follow-up visit to Dr. Mironer's office, Plaintiff requested a hospital bed and physician's assistant Carla Norman referred him to his primary care physician to address "equipment needs and attendant care." When Plaintiff presented to Dr. Stringfield in December 2008 and April 2009, he received prescriptions for a hospital bed, a motorized wheelchair, and a mobility scooter, none of which were authorized by Defendants.

From 15 November 2007 through 14 August 2008, Plaintiff's wife, who is not trained as a Certified Nursing Assistant (CNA), provided some attendant care while continuing to work outside the home. On 15 August 2008, she had to stop working to provide full-time care to Plaintiff.

In March and May 2009, Judy Clouse, a nurse consultant with the Commission, made recommendations that Defendants compensate Plaintiff for: 10 psychological sessions; evaluations by an RSD spe-

cialist, by rehabilitation specialist Dr. Margaret Burke, and by wheel-chair specialist CarePartners Seating Clinic; 8 daily hours of attendant care for 5 days per week; and the purchase or rental of a hospital bed. Defendants approved an evaluation by CarePartners, but did not authorize either the motorized or manual wheelchair that the clinic recommended. Nor did Defendants authorize the attendant care recommended by Ms. Clouse. While Defendants did allow for the rehabilitation evaluation, Dr. Burke declined the referral due to Plaintiff's "extremely limited rehabilitation potential" and deferred to Dr. Stringfield's recommendations on equipment needs and prescriptions. Defendants, however, refused to authorize any of Dr. Stringfield's recommendations or prescriptions.

On 5 June 2009, Dr. Stringfield recommended 16 hours of attendant care services per day, retroactive to the date of Plaintiff's RSD diagnosis on 15 November 2007. RSD specialist, Dr. James North, evaluated Plaintiff on 1 July 2009 and recommended various treatments, some of which required at least one week of in-hospital observation. Due to the distance from his home to Dr. North's office, Plaintiff declined further treatment by Dr. North, despite Defendants' offering to provide transportation and hotel accommodations to facilitate these treatments. Dr. North also opined that use of a wheelchair would be counterproductive to Plaintiff's recovery and stated that there is no medical basis for providing a hospital bed to a patient with RSD, opinions in which Dr. Mironer concurred.

By a Form 33 dated 6 April 2009, Plaintiff requested a hearing to determine Defendants' liability for additional medical expenses and treatment, including attendant care. In an opinion and award filed 29 January 2010, Deputy Commissioner J. Brad Donovan awarded Plaintiff compensation for attendant care services provided by his wife, payment of medical expenses incurred or to be incurred, including transportation expenses, and reasonable attorneys' fees. On appeal from the deputy commissioner's award, the Commission reviewed the matter.

In its Opinion and Award, the Commission explicitly gave the most weight to Dr. Stringfield's recommendations regarding equipment issues, and found the hospital bed and mobility scooter were "equipment reasonably required at this time to effect a cure for [P]laintiff's condition." The Commission did not approve the power wheelchair, however, as the doorways in Plaintiff's home are too narrow to accommodate its width. It instead found that Plaintiff was

MEHAFFEY v. BURGER KING

[217 N.C. App. 318 (2011)]

"entitled to home modifications that would allow mobility and accessibility within his current residence." Once handicap access housing was provided, Defendants would be responsible for a power wheelchair and backup manual wheelchair. Plaintiff was also entitled to vehicle modifications or Defendants' provision of handicap accessible transportation for medical appointments and other authorized purposes.

The Commission also awarded retroactive compensation for Plaintiff's wife's attendant care at a rate of $12.50 an hour, for 4 hours per day from 15 November 2007 through 14 August 2008, and for 16 hours per day beginning 15 August 2008. Plaintiff was further awarded compensation for 16 hours per day of future attendant care by his wife, subject to reduction by any hours provided by a CNA, as the Commission also entitled Plaintiff up to 8 hours per day of CNA assistance. Lastly, the Commission approved Dr. Stringfield as an authorized treating physician.

Defendants filed notice of appeal dated 13 September 2010.

I.

[1] Defendants first argue that the retroactive payments awarded to Plaintiff's wife, for the attendant care she provided, were improper because the services were not pre-approved.

Appellate review of an opinion and award of the Commission "is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). The Commission's conclusions of law "are reviewable *de novo* by this Court." *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997).

In support of their argument, Defendants rely on our Supreme Court's decision in *Hatchett v. Hitchcock Corp.*, 240 N.C. 591, 83 S.E.2d 539 (1954), which reversed an award of retroactive payments for attendant care services to the mother of a plaintiff with a broken leg. This award was reversed because the care was not pre-approved by the Commission, nor was it rendered in response to a sudden emergency,[1] and thus the plaintiff was not entitled to recover for those services.

---

1. It is uncontroverted that the attendant care provided by Plaintiff's wife was not in response to a sudden emergency, so the question here is only whether retroactive compensation can be awarded for attendant care services given without pre-approval.

In response, Plaintiff directs our attention to *Godwin v. Swift and Co.*, 270 N.C. 690, 155 S.E.2d 157 (1967). In *Godwin*, our Supreme Court upheld an award of retroactive payments for attendant care given to the blind and partially paralyzed plaintiff by his family, despite the fact that such services were rendered without pre-approval. In so holding, the Supreme Court stated that "[w]hile some of the charges did not have the prior approval of the Commission, they were so approved before a payment or demand for payment was made," and that this constituted a "substantial, if not a technical, compliance with the Commission's rules." *Godwin*, 270 N.C. at 694, 155 S.E.2d at 160. Plaintiffs contend that *Godwin* overruled *Hatchett* in so far as *Hatchett* requires pre-approval for attendant care services. We cannot agree with this contention.

The Supreme Court's opinion in *Godwin* distinguished the two cases by noting that they involved two very different injuries (a severe brain and spinal cord injury versus a broken leg) and were brought under different sections of the statute (N.C. Gen. Stat. § 97-29 in *Godwin* and N.C. Gen. Stat. §§ 97-25, 97-26 in *Hatchett*). At no point in the *Godwin* opinion does the Supreme Court expressly, or implicitly, overrule *Hatchett*. In fact, by concluding that the approval of attendant care services prior to payment or demand for such constituted a "substantial" compliance with the rules, the Supreme Court did not overrule *Hatchett*.

In addition, the holding in *Hatchett* is specifically based upon both the statutes and an Industrial Commission rule which was applicable in 1949 and 1950, providing as follows:

'In cases of urgent necessity a special graduate or registered nurse may be furnished for not to exceed seven days. Written authority must be obtained in advance for all services in excess of seven days. *Fees for practical nursing service by a member of claimant's family or anyone else will not be honored unless written authority has been obtained in advance.*'

*Hatchett*, 240 N.C. at 593, 83 S.E.2d at 541 (emphasis added). The Industrial Commission has now adopted fee schedules and utilization guidelines as directed by the applicable statutes. Section 14 of the Workers' Compensation Medical Fee Schedule addresses "practical nursing services by members of the immediate family of the injured" as follows:

When deemed urgent and necessary by the attending physician, special duty nurses may be employed. Such necessity must be

stated in writing when more than seven days of nursing services are required. Except in unusual cases where the treating physician certifies it is required, fees for practical nursing services by members of the immediate family of the injured will not be approved unless written authority for the rendition of such services for pay is first obtained from the Industrial Commission.

N.C. Indus. Comm'n, The North Carolina Workers' Compensation Medical Fee Schedule, Hospital and Ambulatory Surgical Center Section 14. The quoted portion of the current Section 14 contains essentially the same rule as applied by the Supreme Court in *Hatchett*. In fact, the relevant portion of the current rule is almost identical to the rule in effect at the time of *Hatchett*. The rule specifically addresses "practical nursing services by *members of the immediate family*," which is obviously the situation presented in this case.

In the instant case, as in *Hatchett*, Plaintiff did not receive pre-approval for the attendant care services provided by his wife. Plaintiff brought his claim for retroactive payment for those services under N.C. Gen. Stat. §§ 97-25 and 97-26, the same sections of the statute as the plaintiff in *Hatchett*. Therefore, *Hatchett* controls the resolution of this issue. Accordingly, Defendant is not required to reimburse Plaintiff for the attendant care services provided by his wife. To the extent that the Full Commission's order holds otherwise, we reverse.

II.

[2] Defendants next argue that the Commission erred in awarding Plaintiff ongoing attendant care, a hospital bed, and a mobility scooter because the evidence did not support the findings of fact that the Commission relied on to reach this conclusion. We disagree.

It is well-established that the Commission's findings of fact are "conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. . . . The court does not have the right to weigh the evidence and decide the issue on the basis of its weight." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965).

Several of the Commission's findings of fact support the conclusion that Plaintiff is entitled to compensation for ongoing attendant

care, a hospital bed, and a mobility scooter. The Commission noted that a physician's assistant in the office of Dr. Mironer referred Plaintiff to his primary care physician to address both equipment needs and attendant care. Plaintiff's primary care physician, Dr. Stringer, prescribed a hospital bed, a motorized wheelchair, a mobility scooter, and sixteen hours of attendant care services. Additionally, certified life planner Bruce Holt evaluated Plaintiff and opined that he needs attendant care for at least sixteen hours per day. The Commission explicitly stated that Dr. Stringfield's recommendations were entitled to greater weight than those of Plaintiff's other doctors regarding the need for a hospital bed, mobility scooter, and power wheelchair, and found that this equipment was reasonably required to effect a cure for or give relief to Plaintiff's condition. Evidently, the Commission also gave much weight to Mr. Holt's recommendation for attendant care, as it found that Plaintiff requires attendant care for an average of sixteen hours per day.

The fact that other doctors who treated Plaintiff disagreed with Dr. Stringfield does not mean that the Commission's findings of fact based on those recommendations are not supported by competent evidence. The Commission soley determines how much weight to award testimony and it is not for this Court to second guess those determinations. Thus, we hold that the Commission's findings of fact are conclusive on appeal and we affirm the conclusions of law they support.

III.

[3] Defendants' final argument is that the Commission erred when awarding Plaintiff home and vehicle modifications, because the evidence did not show, and the Commission did not find, that home and vehicle modifications were reasonably required to effect a cure or give relief. We disagree.

As discussed in Section II, supra, the Commission's findings that Plaintiff reasonably required a mobility scooter and a wheelchair to effect a cure or give relief are conclusive on appeal because they are supported by competent evidence. The home modifications were awarded by the Commission because Plaintiff's home could not accommodate a wheelchair. The vehicle modifications were awarded because without them, Plaintiff's wife would only be able to transport his scooter in fair weather, as she must strap it to the back of her vehicle. The Commission found that Plaintiff was entitled to modifications that would allow him to travel regardless of the weather conditions. Defendants assert that no physicians testified that these mod-

ifications were required to effect a cure or give relief, but it is clear that they are required to enable Plaintiff to use the wheelchair and scooter that *are* required for relief. Thus, we find this argument without merit.

Affirmed in part, reversed in part.

Judges MCGEE and STROUD concur.